## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

DAVID J. MCCAULEY,

        Appellant,

        v.

DEPARTMENT OF VETERANS
  AFFAIRS,

        Agency.

DOCKET NUMBER
CH-3443-16-0581-I-1

DATE: February 9, 2023

# THIS ORDER IS NONPRECEDENTIAL[1]

David J. McCauley, Coral Springs, Florida, pro se.

Janet M. Kyte, Esquire, Hines, Illinois, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

## REMAND ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

REMAND the case to the regional office for further adjudication in accordance with this Order.

## BACKGROUND

¶2        The appellant resigned from his Medical Support Assistant position in Bay Pines, Florida, on November 1, 2013.[2]  *McCauley v. Department of Veterans Affairs*, MSPB Docket No. CH-3443-14-0099-I-1, Initial Appeal File (0099 IAF), Tab 7 at 4.  Subsequently, he applied for the same position in St. Louis, Missouri, and appealed the agency's decision not to select him as a violation of his rights under the Veterans Employment Opportunities Act of 1998.  0099 IAF, Tab 1; *McCauley v. Department of Veterans Affairs*, MSPB Docket No. CH-3443-14-0099-I-2, Appeal File, Tab 10.  After two dismissals without prejudice and a Board remand, the administrative judge issued an initial decision that dismissed the appeal as moot, finding that the agency had properly reconstructed the hiring process and that the appellant had obtained all of the relief to which he was entitled.  *McCauley v. Department of Veterans Affairs*, MSPB Docket No. CH-3443-14-0099-B-1, Remand Initial Decision at 7 (May 7, 2016).  The Board denied the appellant's petition for review; however, it forwarded the appellant's allegation in his petition for review that his resignation constituted a constructive removal to the Board's Central Regional Office for docketing as a separate adverse action appeal.  *McCauley v. Department of Veterans Affairs*, MSPB Docket No. CH-3443-14-0099-B-1, Final Order, ¶¶ 1, 11 (Sept. 13, 2016).

¶3        The regional office docketed the constructive removal appeal, which is the appeal now before us, and the administrative judge issued an acknowledgment order setting forth the appellant's burden of proof as to jurisdiction in involuntary resignation cases.  *McCauley v. Department of Veterans Affairs*, MSPB Docket No. CH-3443-16-0581-I-1, Initial Appeal File (0581 IAF), Tabs 1-2.  She ordered

---

[2] Some of the background facts relevant to this appeal were presented in the appellant's other appeals, *McCauley v. Department of Veterans Affairs*, MSPB Docket Nos. CH-3443-14-0099-I-1, CH-3443-14-0099-I-2, and CH-3443-14-0099-B-1.

the parties to file evidence and argument on the question of Board jurisdiction. 0581 IAF, Tab 2 at 3. The appellant did not respond, and the administrative judge dismissed the appeal for lack of jurisdiction. 0581 IAF, Tab 7, Initial Decision.

¶4 In his petition for review, the appellant states that the administrative judge erred in stating that he resigned from a position in St. Louis, because he in fact resigned from a position in Florida. *McCauley v. Department of Veterans Affairs*, MSPB Docket No. CH-3443-16-0581-I-1, Petition for Review (PFR) File, Tab 1 at 4. For the first time on review, he contends that he resigned because a Human Resources official in St. Louis told him that he had to resign from his Florida position and move to St. Louis to apply for positions there. *Id*. The appellant argues that the actions of the Human Resources official coerced his resignation. *Id*. The agency has responded in opposition to the petition. PFR File, Tab 3.

## ANALYSIS

¶5 The Board ordinarily will not consider evidence or argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980). However, we have considered the appellant's arguments on review because his new arguments implicate the Board's jurisdiction, an issue that is always before the Board and which may be raised by any party or sua sponte by the Board at any time during a Board proceeding. *See Lovoy v. Department of Health and Human Services*, 94 M.S.P.R. 571, ¶ 30 (2003).

¶6 A decision to resign is presumed to be a voluntary act outside the Board's jurisdiction, and the appellant bears the burden of showing by a preponderance of the evidence that his resignation was involuntary and therefore tantamount to a forced removal. *Baldwin v. Department of Veterans Affairs*, 111 M.S.P.R. 586, ¶ 15 (2009). The presumption of voluntariness may be rebutted in a number of

ways, including if the employee can establish that the resignation was the product of duress or coercion brought on by Government action, or of misleading or deceptive information.[3] *Heining v. General Services Administration*, 68 M.S.P.R. 513, 519 (1995); *see Scharf v. Department of the Air Force*, 710 F.2d 1572, 1574 (Fed. Cir. 1983).

¶7 In making a claim of involuntariness based on misinformation or deception by the agency, the misleading information can be negligently or even innocently provided; if the employee materially relies on such misinformation to his detriment, based on an objective evaluation of the circumstances, his resignation is considered involuntary. *Covington v. Department of Health and Human Services*, 750 F.2d 937, 942 (Fed. Cir. 1984). A decision based on misinformation or lack of information cannot be binding as a matter of fundamental fairness and due process. *Id.* at 943. The principles set forth in *Covington* require an agency to provide information that is not only correct in nature but also adequate in scope to allow an employee to make an informed decision. *Baldwin*, 111 M.S.P.R. 586, ¶ 16. This includes an obligation to correct any erroneous information an agency has reason to know an employee is relying on. *Id.*

¶8 An appellant is entitled to a jurisdictional hearing in a constructive removal appeal based upon misinformation when the appellant sets forth allegations of fact that, if true, would show that he was misinformed, and he acted on that misinformation to his detriment. *Gibeault v. Department of the Treasury*, 114 M.S.P.R. 664, ¶ 6 (2010). For sufficient background, we turn to allegations the appellant made in prior cases, as set forth above in footnote 2, which all arose

---

[3] The Board has jurisdiction over constructive actions, such as an involuntary resignation, based on various fact patterns, but all constructive action claims have two things in common: (1) the employee lacked a meaningful choice in the matter; and (2) it was the agency's wrongful actions that deprived the employee of that choice. *Bean v. U.S. Postal Service*, 120 M.S.P.R. 397, ¶ 8 (2013); *see Brown v. U.S. Postal Service*, 115 M.S.P.R. 88, ¶ 8 (2010).

from substantially the same set of facts, because fundamental fairness requires us to construe this pro se appellant's allegations liberally. *See Melnick v. Department of Housing and Urban Development*, 42 M.S.P.R. 93, 97-98 (1989) (observing that parties without legal representation are not required to plead issues with precision and are entitled to a liberal interpretation of their allegations), *aff'd*, 899 F.2d 1228 (Fed. Cir. 1990) (Table).

¶9        In one of his prior appeals, the appellant alleged that he had been employed at the agency facility in St. Louis, Missouri, but transferred to an agency facility in Bay Pines, Florida, to help care for his seriously ill brother. 0099 IAF, Tab 7 at 4. In a subsequent iteration of that appeal, the appellant explained that, while he was employed by the agency in Bay Pines, Florida, he began to inquire about returning to a position in St. Louis. *McCauley v. Department of Veterans Affairs*, MSPB Docket No. CH-3443-14-0099-B-1, Remand Petition for Review File, Tab 1 at 5. He further stated that a Human Resources official in St. Louis—the one referenced in the instant petition for review—told him that he would have to resign from his position in Bay Pines to be able to apply for "local" positions in St. Louis. *Id*. He also alleged in that appeal that he came to believe that the Human Resources official's statement was misinformation because he believed that, while he was employed in Florida, he was eligible to apply for positions in St. Louis. *Id*. at 5-6. Additionally, and to reiterate the appellant's allegations in the instant petition for review, he further asserts that he resigned because a Human Resources official told him that he had to resign from his Florida position and move to St. Louis to apply for positions there and that such an action constituted coercion. PFR File, Tab 1 at 4. He also contends that he materially relied on the Human Resources official's information to his detriment because he did in fact resign from his position in Bay Pines and applied for positions in St. Louis, Missouri, where he was not considered eligible for vacancies as an internal candidate. *Id*.

¶10     We find, under the circumstances here, that the appellant has made a nonfrivolous allegation that his resignation was involuntary due to misinformation purportedly provided to him by the agency's Human Resources official in St. Louis. An appellant who makes a nonfrivolous allegation casting doubt on the presumption of voluntariness is entitled to a hearing on the issue of Board jurisdiction. *Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643 (Fed. Cir. 1985); *Gibeault*, 114 M.S.P.R. 664, ¶ 6. Accordingly, we remand this case to the Central Regional Office for a hearing on the jurisdictional issue and further development of the record including through discovery. The appellant's access to discoverable information is especially important when, as here, the agency is likely to be in sole possession of evidence of internal agency rules and regulations necessary for the appellant to support his case. *See Russo v. Department of the Navy*, 85 M.S.P.R. 12, ¶ 6 (1999).

## ORDER

¶11     For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.


FOR THE BOARD:             /s/ for
                                 Jennifer Everling
                                 Acting Clerk of the Board

Washington, D.C.